IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TAUREAN JAMAL JOHNSON,

    Plaintiff,

vs.

LEXISNEXIS RISK SOLUTIONS, INC.,

    Defendant.

CASE NO.: 4:23-cv-04715

**JURY TRIAL DEMANDED**

**COMPLAINT**

TAUREAN JAMAL JOHNSON ("Plaintiff" or "Mr. Johnson") brings this Complaint against LEXISNEXIS RISK SOLUTIONS, INC. ("Defendant" or "LNRS"), for actual, statutory, and punitive damages, costs, and attorney's fees, for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, arising out of a background check report that falsely portrayed Mr. Johnson as a serial convicted felon.

**INTRODUCTION**

1. This is an individual action for damages, costs, and attorneys' fees brought against Defendant pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

2. Defendant is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports, also known as

1

"background check reports," generated from its database, or the databases of wholesale criminal and civil records vendors it contracts with, and furnishes these consumer reports to its customers, which include companies in various industries, such as financial services, insurance, government, and healthcare, who then use the reports to make decisions regarding whether to provide credit, insurance, or employment to certain consumers.

3. Defendant falsely reported to Plaintiff's prospective insurance provider, Next Insurance, that Plaintiff is a convicted felon, having been convicted of four separate felony offenses in Harris County, Texas, in 2020 and 2021 (the "criminal conviction records"). In fact, widely available public court records from Harris County, Texas confirm that Defendant's reporting was grossly inaccurate because all four of the felony charges were dismissed by Harris County Judge Hazel B. Jones many months—and even years—before Defendant assembled and published the grossly inaccurate criminal record information to Next Insurance.

4. Defendant's inaccurate background check report caused Next Insurance to deny Plaintiff's application for tools and equipment and commercial-general liability insurance for his small business, which caused him to suffer actual damages, including economic loss and reputational harm, and physical injury as a result of emotional distress, including but not limited to, stress, anxiety, humiliation, embarrassment, and frustration.

5. Defendant's inaccurate reporting could have been easily remedied had it consulted widely available current public court records, which clearly indicate the

criminal charges were dismissed, prior to reporting the stigmatizing inaccurate criminal records as convictions and publishing the inaccurate background check report regarding Plaintiff to Next Insurance.

6. Defendant does not employ or follow reasonable procedures to assure the maximum possible accuracy of the information it reports regarding consumers. Rather, Defendant simply purchases criminal court records from wholesale records vendors and then blindly relies on those records without having *any procedure* in place to verify the accuracy of the same before including such criminal records in its reports and publishing them to its customers. Defendant's failure to employ and follow reasonable procedures resulted in Plaintiff's background check report being inaccurate.

7. As a result of Defendant's conduct, action, and inaction, Plaintiff brings claims for failure to employ and follow reasonable procedures to assure maximum possible accuracy based on § 1681e(b) of the FCRA.

## THE PARTIES

8. Taurean Jamal Johnson ("Plaintiff" or "Mr. Johnson") is a natural person who resides in the City of Houston, State of Texas, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

9. Defendant LexisNexis Risk Solutions, Inc. ("Defendant" or "LNRS") is a corporation with its principal place of business located at 1000 Alderman Drive, Alpharetta, Georgia, and regularly conducts business within the State of Texas, including in this District.

10. Defendant is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) and is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

11. Defendant is also a "reseller" as defined at 15 U.S.C. § 1681a(u), which is a "consumer reporting agency that—(1) assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party, to the extent of such activities; and (2) does not maintain a database of the assembled or merged information from which new consumer reports are produced."

## JURISDICTION AND VENUE

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allow claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE FCRA'S PROTECTIONS FOR INSURANCE APPLICANTS

14. Despite its name, the Fair Credit Reporting Act covers more than just credit reporting, it also regulates insurance-related background checks like the one procured in Mr. Johnson's name.

4

15. The FCRA provides a number of protections for insurance coverage applicants who are subjected to background checks.

16. In the parlance of the FCRA, background checks are "consumer reports," and providers of background checks, like Defendant, are "consumer reporting agencies." 15 U.S.C. §§ 1681a(d) and (f).

17. Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

## FACTS

### Defendant Publishes an Inaccurate Background Check to Next Insurance in December 2021

18. On or about December 10, 2021, Mr. Johnson submitted an online application for "tools and equipment" and commercial-general liability insurance with Next Insurance, an online insurance provider for small businesses located in Palo Alto, California.

19. On or about December 10, 2021, Next Insurance obtained a consumer report regarding Plaintiff from LNRS, also known as a background check report, including a compilation of different records purportedly belonging to Plaintiff, including, among other records, identification records, address records, business association records, insurance claim records, civil records, and criminal offense records.

20. The background check report assembled and published to Next Insurance is a consumer report regulated by the FCRA.

21. Section 7 of the background check report, titled "Criminal Offense Records," included the following four (4) felony criminal convictions from Harris County, Texas, which appeared in the report as follows:

**RECORD 1** — **TAUREAN JAMAL JOHNSON**

| | |
|---|---|
| Address: | 17319 CRESTLINE RD, HUMBLE, TX 77396 - 1608 |
| County: | HARRIS |
| Date of Birth: | 3/XX/1989 |
| Social Security Number: | XXXXX8620 |
| Driver's License Number: | |
| Driver's License State: | |
| Gender: | M |
| Race: | BLACK |
| Skin Color: | |
| Eye Color: | |
| Hair Color: | |

**Criminal Case Details:**

| | |
|---|---|
| Date Filed: | 20180628 |
| Case Number: | 159613301010 |
| Court: | |
| Dept. of Corrections (DOC) ID Number: | |
| State ID Number: | |
| Offender Status: | DISPOSED |
| Offender Level: | |

**Court Case Details:**

| | |
|---|---|
| Offense Date: | |
| Location of Offense: | |
| Arresting Agency: | |
| Booking Number: | |
| Number of Charges: | |
| Offense Code(s): | 269966 |
| Offense Level: | F |
| Offense(s): | INSURANCE FRAUD >=$30K<$150K |

1/7/2022

| | |
|---|---|
| Court Name: | |
| Case Number: | 159613301010 |
| Court State: | TX |
| Court Statute: | |
| Offender Plea: | |
| Conviction Date: | |
| Disposition Date: | 20200206 |
| County of Conviction: | |
| Disposition: | CONVICTED |
| State of Disposition: | Status:DISM |

*Record 1 Source Details: TX HARRIS COUNTY COURTS 1201 FRANKLIN ST HOUSTON, TX 77002 (713) 755-5394*

6

**RECORD 2   TAUREAN JAMAL JOHNSON**

| | | | |
|---|---|---|---|
| Address: | 17319 CRESTLINE RD, HUMBLE, TX 77396 - 1608 | | |
| County: | HARRIS | | |
| Date of Birth: | 3/XX/1989 | Social Security Number: | XXXXX8620 |
| Driver's License Number: | | Driver's License State: | |
| Gender: | M | Race: | BLACK |
| Skin Color: | | Eye Color: | |
| Hair Color: | | | |

**Criminal Case Details:**

| | | | |
|---|---|---|---|
| • Date Filed: | | 20190114 | • Case Number: | 161812101010 |
| • Court: | | | | |
| • Dept. of Corrections (DOC) ID Number: | | • State ID Number: | |
| • Offender Status: | | DISPOSED | • Offender Level: | |

**Court Case Details:**

| | | | |
|---|---|---|---|
| • Offense Date: | | • Location of Offense: | |
| • Arresting Agency: | HOUSTON POLICE DEPARTMENT | | |
| • Booking Number: | | • Number of Charges: | |
| • Offense Code(s): | 260445 | • Offense Level: | F |
| • Offense(s): | FRAUD/USE/POSS ID INFO-LESS 5 | | |
| • Court Name: | | | |
| • Case Number: | 161812101010 | • Court State: | TX |
| • Court Statute : | | • Offender Plea: | |
| • Conviction Date: | | • Disposition Date: | 20200110 |
| • County of Conviction: | | • Disposition: | CONVICTED |
| | | • State of Disposition: | Status:DISM |

*Record 2 Source Details: TX HARRIS COUNTY COURTS 1201 FRANKLIN ST HOUSTON, TX 77002 (713) 755-5394*

**RECORD 3   TAUREAN JAMAL JOHNSON**

| | | | |
|---|---|---|---|
| Address: | 17319 CRESTLINE RD, HUMBLE, TX 77396 - 1608 | | |
| County: | HARRIS | | |
| Date of Birth: | 3/XX/1989 | Social Security Number: | XXXXX8620 |
| Driver's License Number: | | Driver's License State: | |
| Gender: | M | Race: | BLACK |
| Skin Color: | | Eye Color: | |
| Hair Color: | | | |

**Criminal Case Details:**

7

1/7/2022

| | | | |
|---|---|---|---|
| • Date Filed: | 20190626 | • Case Number: | 163666101010 |
| • Court: | | | |
| • Dept. of Corrections (DOC) ID Number: | | • State ID Number: | |
| • Offender Status: | DISPOSED | • Offender Level: | |

**Court Case Details:**

| | | | |
|---|---|---|---|
| • Offense Date: | | • Location of Offense: | |
| • Arresting Agency: | HOUSTON POLICE DEPARTMENT | | |
| • Booking Number: | | • Number of Charges: | |
| • Offense Code(s): | 260445 | • Offense Level: | F |
| • Offense(s): | FRAUD/USE/POSS ID INFO-LESS 5 | | |
| • Court Name: | | | |
| • Case Number: | 163666101010 | • Court State: | TX |
| • Court Statute: | | • Offender Plea: | |
| • Conviction Date: | | • Disposition Date: | 20210511 |
| • County of Conviction: | | • Disposition: | CONVICTED |
| | | • State of Disposition: | Status:DISM |

*Record 3 Source Details: TX HARRIS COUNTY COURTS 1201 FRANKLIN ST HOUSTON, TX 77002 (713) 755-5394*

---

**RECORD 4 — TAUREAN JAMAL JOHNSON**

| | |
|---|---|
| Address: | 17319 CRESTLINE RD, HUMBLE, TX 77396 - 1608 |
| County: | HARRIS |
| Date of Birth: | 3/XX/1989 |
| Social Security Number: | XXXXX8620 |
| Driver's License Number: | |
| Driver's License State: | |
| Gender: | M |
| Race: | BLACK |
| Skin Color: | |
| Eye Color: | |
| Hair Color: | |

**Criminal Case Details:**

| | | | |
|---|---|---|---|
| • Date Filed: | 20200128 | • Case Number: | 166229701010 |
| • Court: | | | |
| • Dept. of Corrections (DOC) ID Number: | | • State ID Number: | |
| • Offender Status: | DISPOSED | • Offender Level: | |

**Court Case Details:**

| | | | |
|---|---|---|---|
| • Offense Date: | | • Location of Offense: | |
| • Arresting Agency: | | | |
| • Booking Number: | | • Number of Charges: | |
| • Offense Code(s): | 269966 | • Offense Level: | F |
| • Offense(s): | INSURANCE FRAUD >=$30K<$150K | | |
| • Court Name: | | | |
| • Case Number: | 166229701010 | • Court State: | TX |
| • Court Statute: | | • Offender Plea: | |
| • Conviction Date: | | • Disposition Date: | 20210511 |
| • County of Conviction: | | • Disposition: | CONVICTED |
| | | • State of Disposition: | Status:DISM |

*Record 4 Source Details: TX HARRIS COUNTY COURTS 1201 FRANKLIN ST HOUSTON, TX 77002 (713) 755-5394*

22. LNRS also included the above-refenced criminal records in Section 12 of

8

Plaintiff's report, titled "Motor Vehicle Records."

23. Section 8 of the background check report, titled "Lien, Judgment, and Civil Filing Records," included the following civil judgment from Dekalb County, Georgia, which appeared in the report as follows:

**SECTION 8:**
**Lien, Judgment, and Civil Filing Records**

This section contains public record information regarding civil court filings within the Consumer's file.

| RECORD 1 | TAUREAN JOHNSON | | | |
|---|---|---|---|---|
| | Company Name: | | | |
| | Address: | 3133 FLOWERS RD D S APT, CHAMBLEE, GA 30341 - 5646 | | |
| | Social Security Number: | | County: | 13089 |
| | Party Type: | Petitioner | | |
| | **Court Details:** | | | |
| | • Court Name: | DEKALB CO STATE CO  RT | | |
| | • Court County: | DE KALB | • Court State: | GA |
| | **Filing Details:** | | **Additional Filing Details:** | |
| | • Filing Type: | CIVIL JUDGMENT | • Filing State: | |
| | • Status: | | • Filing Jurisdiction: | GA |
| | • Case Number: | | • Book: | |
| | • Filing Number: | 16D96404 | • Page: | |
| | • Filing Date: | | • Effective Date: | |
| | • Filing Amount: | 803 | • Expiration Date: | |
| | • Release Date: | | • Satisfied Date: | |
| | • Certificate Number: | | • Satisfaction Type: | |
| | • IRS Tax Number: | | • Landlord Tenant Dispute: | Yes |
| | Party Type: | Creditor | | |
| | Name: | JERUSALEM HOUSE | | |
| | Company Name: | | | |

Record 1 Source Details: DE KALB STATE COURT - DECATUR 556 N MCDONOUGH ST 2ND FLOOR ADMINISTRATION TOWER DECATUR, GA 30030 (404) 371-2261

| RECORD 2 | TAUREAN JOHNSON | | | |
|---|---|---|---|---|
| | Company Name: | | | |
| | Address: | 3133 FLOWERS RD D S APT, CHAMBLEE, GA 30341 - 5646 | | |
| | Social Security Number: | | County: | 13089 |
| | Party Type: | Petitioner | | |
| | **Court Details:** | | | |
| | • Court Name: | DEKALB CO STATE CO  RT | | |
| | • Court County: | DE KALB | • Court State: | GA |
| | **Filing Details:** | | **Additional Filing Details:** | |
| | • Filing Type: | CIVIL NEW FILING | • Filing State: | |
| | • Status: | | • Filing Jurisdiction: | GA |
| | • Case Number: | | • Book: | |
| | • Filing Number: | 16D96404 | • Page: | |
| | • Filing Date: | | • Effective Date: | |

9

| | 1/7/2022 | | |
|---|---|---|---|
| • Filing Amount: | 000000000 | • Expiration Date: | |
| • Release Date: | | • Satisfied Date: | |
| • Certificate Number: | | • Satisfaction Type: | |
| • IRS Tax Number: | | • Landlord Tenant Dispute: | Yes |
| Party Type: | Creditor | | |
| Name: | JERUSALEM HOUSE | | |
| Company Name: | | | |

Record 2 Source Details: DE KALB STATE COURT - DECATUR 556 N MCDONOUGH ST 2ND FLOOR ADMINISTRATION TOWER DECATUR, GA 30030 (404) 371-2261

24. LNRS's reporting was false. The four (4) above-referenced criminal "convictions" and should not have been included in Plaintiff's background check report (in either Section 7 pertaining to Criminal Offense Records or Section 12 pertaining to Motor Vehicle Records) because Plaintiff was *never* convicted of those criminal offenses.

25. Any member of the public who took a five-minute cursory review of the widely available public court records concerning the above-referenced criminal records could confirm the flaw in LNRS's report regarding Plaintiff: Plaintiff was never convicted of the felony offenses; thus, LNRS's reporting of "Disposition: CONVICTED" was grossly inaccurate and misleading. It is indisputable that prior to LNRS's reporting and publication of the report to Next Insurance, LNRS failed to consult widely available public court records regarding the offenses from Harris County, Texas, which unequivocally indicate that Plaintiff was *never convicted* of the four felony charges and that all four were dismissed pursuant to Court Orders signed and entered by Judge Hazel B. Jones on January 10, 2020; February 6, 2020; and May 11, 2021.

26. Instead of verifying the accuracy of the criminal records reported, which would involve due diligence to confirm whether the charges had been dismissed

10

since their initial filing, LNRS purchased the criminal record information from an unreliable date vendor and/or wholesaler and thereafter blindly relied upon the outdated criminal records, which were not complete and up to date, without taking any steps to verify their accuracy in advance of assembling Plaintiff's report and publishing the records and inaccurate "conviction" status to Next Insurance.

27. Furthermore, the above-referenced civil judgment was reported inaccurately because it was vacated and set aside on October 10, 2017; however, LNRS' report failed to include this accurate, up to date status of the civil record.

28. In reporting criminal records that were dismissed as *convictions* and reporting a civil judgment as open and active that had since been vacated and set aside, Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" of the contents of Plaintiff's report and the files it published and maintains regarding Plaintiff.

### Next Insurance Denies Plaintiff's Insurance Application Due to Defendant's Inaccurate Background Check Report

29. On or about December 20, 2021, Mr. Johnson received a declination of coverage notice from Next Insurance in the form of an "FCRA Notice Letter" (the "Adverse Action Notice").

30. The Adverse Action Notice stated, in relevant part, the following:

> Thank you for your recent application request for insurance. You are receiving this notice because you were declined your quoted premium based in whole or in part on information obtained in a report from the consumer-reporting agency listed below.
>
> In compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., you are hereby informed that the action taken is being taken wholly

11

or partly because of information contained in consumer reports. The consumer reports were obtained pursuant to the terms of our Privacy Policy (available at https://www. nextinsurance.com/privacy-policy/).

If you have been adversely affected by information contained in a consumer report provided by our consumer reporting agency, LexisNexis Risk Solutions Inc., you have the right under the Fair Credit Reporting Act to obtain a free copy of such report from LexisNexis Risk Solutions Inc. within 60 days of receipt of this notice.

31. The Adverse Action Notice further stated that: "LexisNexis made no decisions regarding the stated insurance policy and cannot tell you why the above action was taken." The Notice gave further instructions as to how Mr. Johnson could obtain "a free copy" of his LexisNexis report and specifically cited a reference number, 71763577R1161.

32. The Adverse Action Notice also informed Mr. Johnson as follows:

You have the right to dispute inaccurate information by contacting the consumer-reporting agency directly. Once you have directly notified the consumer reporting agency of your dispute, the agency must, within a reasonable period of time, reinvestigate and record the current status of the disputed information. If after reinvestigation such information is found to be inaccurate or unverifiable, such information must be promptly deleted from your records.

33. Finally, the Adverse Action Notice stated that if Mr. Johnson had "any questions regarding the decision [he] [should] contact NEXT Insurance at support@next-insurance.com."

34. Immediately thereafter, on December 20, 2021, Mr. Johnson reached out to Next Insurance via email seeking additional information regarding the reason(s) his insurance application had been denied. Later that same day, a representative of Next Insurance, Noe C, responded to Mr. Johnson's email and stated that if he

wanted detailed information regarding the reason(s) for the denial of his application, he would need to contact LexisNexis Risk Solutions.

35. On January 6, 2022, Mr. Johnson received additional correspondence via email from a Next Insurance representative, Alan, that stated in relevant part:

> At the time of your application, we performed a background check that returned the information of a felony conviction within the last 5 years although answered otherwise in the application. Per our underwriting guidelines, we are unable to offer coverage if a business or any of its officers, owners, or partners has been convicted of a felony in the past 5 years. We apologize for any inconvenience this may cause.

36. Later that same day, Mr. Johnson, completely shocked that felony convictions were reported by Defendant to Next Insurance and stressed about how such reporting adversely impacted his attempt to get insurance coverage, responded to Alan's email and truthfully stated, "I have not been convicted of any crime in the last 5 years and I've never been convicted of a felony."

37. On January 7, 2022, Mr. Johnson received a copy of his LNRS report. That report, in "Section 7: Criminal Offense Records" within Record 1, Record 2, Record 3 and Record 4, shows that Mr. Johnson was "Disposition: Convicted" for four (4) different felonies under Texas law.

38. On February 15, 2022, Mr. Johnson disputed all four alleged felony "convictions."

39. Mr. Johnson began by giving LexisNexis his full and current residence address and cell phone number, along with his full social security number and date of birth. Mr. Johnson also provided both the LexisNexis "Consumer Number" and "Case Number" that his was assigned.

**Plaintiff Disputes Defendant's Inaccurate Background Check Report and Defendant Fails to Reasonably Reinvestigate Plaintiff's Dispute and Correct Its Inaccurate Reporting**

40. On February 15, 2022, Plaintiff sent a dispute letter to LNRS, via certified mail, specifically disputing each of the four felony convictions reported by LNRS and described precisely why such reporting was inaccurate—because he was never convicted of any of the four felony offenses and, instead, each was dismissed pursuant to Court Order. Plaintiff also disputed the inaccurate civil judgment record, which failed to state that it had since been vacated and set aside as confirmed by public record. Plaintiff also requested that LNRS immediately reinvestigate his dispute and correct his report.

41. Plaintiff attached the following supporting documents to his dispute letter: (1) his Social Security card; (2) his Texas driver's license; (3) all four dismissal orders regarding the above-referenced criminal offenses, and (4) the civil docket regarding the civil judgment record.

42. On March 19, 2022, LNRS responded to Plaintiff's dispute and provided its "Results of Reinvestigation" and an updated copy of Plaintiff' report. While LNRS deleted both civil records it had previously reported (in Section 8) pertaining to the civil judgment that had been vacated and set aside, LNRS failed to correct, amend, or delete the inaccurate "Disposition: CONVICTED" status regarding the criminal conviction records contained within Plaintiff's report (in Sections 7 and 12), despite making representations to the contrary. In fact, Sections 7 and 12 of the March 19, 2022 copy of Plaintiff's LNRS report appeared exactly the same as Sections 7 and

14

12 of the December 2021 and January 2022 versions of Plaintiff's report (expect that LNRS changed the title of Section 12). However, LNRS replaced Section 12, Motor Vehicle Records, with Section 12, titled "Department of Driver Services Records," which also still included the inaccurate criminal conviction records. Thus, Defendant negligently and willfully failed to perform a reasonable reinvestigation of the disputed information in violation of 15 U.S.C. § 1681i(a)(1)(A).

43. To date, the inaccurate criminal conviction records remain in Plaintiff's LNRS consumer file and report and LNRS has failed to make any corrections to the inaccuracies contained within Plaintiff's consumer file and reports.

44. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered a range of actual damages, including without limitation, being denied insurance coverage; financial harm stemming from being denied insurance coverage; reputational damage; loss of time and money spent disputing Defendant's inaccurate reporting; and emotional distress including, but not limited to, stress; anxiety; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; mental anguish; frustration; humiliation; and embarrassment.

## CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
### (First Claim for Relief Against Defendant)

45. Plaintiff re-alleges and incorporates the allegations set forth in Paragraphs 1-44 as if fully stated herein.

46. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

47. On at least one occasion, Defendant assembled, merged, and resold a patently false consumer report concerning Plaintiff.

48. Despite the fact that widely available public record, including a Court Order, confirms that Plaintiff was never convicted of any felony offenses, Defendant persisted in reporting Plaintiff as having been convicted of four felony criminal offenses.

49. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and file it published and maintains concerning Plaintiff.

50. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered a range of actual damages, including without limitation, being denied insurance coverage; financial harm stemming from being denied insurance coverage; reputational damage; loss of time and money spent disputing Defendant's inaccurate reporting; and emotional distress including, but not limited to, stress; anxiety; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; mental anguish; frustration; humiliation; and embarrassment.

51. Defendant's conduct, action, and inaction was willful, rendering it liable

for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

52. Plaintiff is entitled to recover attorney's fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
## 15 U.S.C. § 1681i(a)(1)(A)
## Failure to Perform a Reasonable Reinvestigation
## (Second Claim for Relief Against Defendant)

53. Plaintiff re-alleges and incorporates the allegations set forth in Paragraphs 1-44 as if fully stated herein.

54. The FCRA mandates that a CRA conduct a reasonable reinvestigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681i(a)(1)(A). The Act imposes a 30-day time limitation for the completion of such a reinvestigation. *Id.*

55. The FCRA provides that if a CRA conducts a reasonable reinvestigation of disputed information and confirms that the information is in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete those items of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

56. On at least one occasion, Plaintiff initiated a dispute with Defendant that it correct and/or delete specific items of information in his consumer file and

report(s) that was patently inaccurate, misleading, and highly damaging to him and his reputation, namely, references to multiple felony "conviction" records, which according to public record, never resulted in convictions and were dismissed pursuant to Court Order.

57. Either Defendant conducted *no* reinvestigation of Plaintiff's dispute, or such reinvestigation was so shoddy and unreasonable as to allow patently false, stigmatizing, and highly defamatory information to remain in Plaintiff's consumer report and file.

58. Defendant violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which it received the notice of dispute from Plaintiff; and by failing to maintain reasonable procedures to filter and verify disputed criminal record information in Plaintiff's reports and file.

59. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered a range of actual damages, including without limitation, being denied insurance coverage; financial harm stemming from being denied insurance coverage; reputational damage; loss of time and money spent disputing Defendant's inaccurate reporting; and emotional distress including, but not limited to, stress; anxiety; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; mental anguish; frustration; humiliation; and embarrassment.

60. Defendant's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

61. Plaintiff is entitled to recover attorney's fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C.§ 1681n and/or § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a) Determining that each Defendant negligently and/or willfully violated the FCRA;

b) Awarding Plaintiff actual damages, statutory, and punitive damages as provided by the FCRA;

c) Awarding Plaintiff reasonable attorneys' fees and costs from Defendant as provided by the FCRA; and

d) Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

62. Plaintiff demands a trial by jury.

Dated: December 19, 2023

*s/ Tod A. Lewis*
Tod A. Lewis, TX Bar No. 24091999
**TOD LEWIS LAW, PLLC**
13267 Darwin Lane
Austin, TX 78729-7495
Telephone: (512) 739-0390
Fax: 1 (737) 205-1291
tod@texasfaircredit.com

*s/ Hans W. Lodge*
Hans W. Lodge, MN Bar No. 0397012
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: (612) 607-7794
Fax: (612) 584-4470
hlodge@bm.net

*Attorneys for Plaintiff*
